**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **United States of America**, ) | |
| ) | **CASE NO. 4:14 CR 00103** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| **Joey Thomas Holt,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendant.** ) | |

## INTRODUCTION

This matter is before the Court upon defendant's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 51) For the following reasons, the defendant's motion is DENIED.

## FACTS

After defendant was charged with receipt and distribution of visual depictions of minors engaged in sexually explicit conduct, he entered a plea of guilty on November 10, 2014. On February 25, 2015, defendant was sentenced to 97 months imprisonment and 5 years supervised

1

release. On February 26, 2015, the judgment and commitment order was issued by this Court. Defendant did not file a direct appeal of his conviction and sentence. On May 10, 2019, defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

## STANDARD OF REVIEW

28 U.S.C. §2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside, or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

## DISCUSSION

Defendant asserts one ground for relief. He claims that his defense counsel violated his Sixth Amendment right of "secured autonomy" based upon the application of *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018).

The Government argues defendant's §2255 motion is untimely, and alternatively, without merit. For the following reasons, the Court agrees.

The AEDPA establishes a one-year limitations period in which a federal prisoner may file a habeas corpus petition. That period runs from one of four specified dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The Court finds defendant's motion is untimely under 28 U.S.C. § 2255(f)(1). Generally, a conviction becomes final upon conclusion of direct review. *See Sanchez–Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). However, where the defendant "does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Johnson v. U.S.*, 457 Fed. App'x 462, 465 (6th Cir. 2012) (citations omitted). Relevant herein, that period was 14 days after the entry of the February 26, 2015 judgment, or March 12, 2015. *See* Fed. R. App. P. 4(b)(1). Defendant then had one year, or until March 12, 2016, to file his §2255 motion. Defendant did not file his motion until May 10, 2019. Accordingly, it is untimely.

Defendant maintains his §2255 motion is timely under 28 U.S.C. § 2255(f)(3). In support, he argues that the Supreme Court case of *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018)

announced a newly recognized right which is relevant to his motion. He asserts that since the Supreme Court issued this opinion on May 14, 2018, his May 10, 2019 motion is timely.

Upon review, the Court finds the time frame set forth under 28 U.S.C. § 2255(f)(3) is inapplicable to defendant's motion. Despite defendant's arguments to the contrary, *McCoy* does not apply to his ground for relief. In *McCoy*, the Supreme Court held that the Sixth Amendment demands that a defendant must have the autotomy to decide whether the objective of their defense is to assert innocence or admit guilt. 138 S. Ct. at 1505, 1508. The Supreme Court concluded that it was unconstitutional for defense counsel to concede guilt over the defendant's "intransigent and unambiguous objection." *Id.* at 1507, 1512.

Here, defendant provides no evidence that his defense counsel conceded defendant's guilt over his objection. Indeed, defendant entered a guilty plea before this Court and indicated he was doing so voluntarily and of his own free will. *McCoy* cannot serve to rescue defendant from his own decision. Therefore, the Court need not determine whether or not the *McCoy* decision created a newly recognized right retroactively applicable to habeas petitions.

Moreover, the bulk of defendant's arguments center on his counsel's purported failure to involve him in the drafting of a motion to suppress. Defendant concedes a motion to suppress was filed, but he asserts "it did not contain all the issues [he] wished to address." Defendant seems to believe the *McCoy* decision stands for the proposition that an attorney must file any and every motion or argument a defendant requests. However, Supreme Court precedent (including the *McCoy* decision) explicitly dictates that the evidence to be offered or challenged, by a motion to suppress or otherwise, is well within the province of counsel. *See McCoy*, 138 S. Ct. at 1508 ("Counsel provides his or her assistance by making decisions such as 'what arguments to pursue,

4

what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence.'") (quoting *Gonzalez v. United States*, 553 U.S. 242, 248 (2008)).

Accordingly, because defendant's reliance on the *McCoy* decision is misplaced, the Court finds the time frame set forth under 28 U.S.C. § 2255(f)(3) does not apply. Defendant's §2255 motion is, therefore, untimely under 28 U.S.C. § 2255(f)(1).

**CONCLUSION**

For the foregoing reasons, defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P.22(b).

IT IS SO ORDERED.

                                            /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            United States District Judge
                                            Chief Judge

Dated: 11/14/19